UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61173-CIV-COHN

ANGELIER HERNANDEZ,

Magistrate Judge Seltzer

    Plaintiff,

vs.

GREGORY LAND DEVELOPMENT II, LLC,

    Defendant.
_____/

## ORDER DENYING MOTION TO REMAND

    THIS CAUSE is before the Court upon Plaintiff's Motion to Remand [DE 6] and Defendant's Response [DE 13]. The Court has carefully considered the motion and is otherwise fully advised in the premises. No reply was filed by Plaintiff by the deadline of September 18, 2009.

### I.  BACKGROUND

    Plaintiff Angelier Hernandez ("Plaintiff") filed this action in state court alleging negligence. The claim arose after an injury suffered by Plaintiff due to falling metal ramps of a trailer on property controlled by Defendant Gregory Land Development II, LLC. Defendant timely removed this action to federal court, alleging diversity jurisdiction, including an amount in controversy of greater than $75,000. Plaintiff timely moved to remand the case within thirty days of removal.

## II.  DISCUSSION

Plaintiff argues that because Defendant's Answer contains an affirmative defense that Plaintiff cannot recover due to the employer immunity provisions of the Florida Workers' Compensation Act, this action cannot be removed pursuant to 28 U.S.C. §1445(c).  Plaintiff also asserts that discovery will reveal the names of additional negligent parties that are residents of Florida.  Plaintiff seeks remand of this case on either basis.

On a motion to remand, the removing party bears the burden of establishing jurisdiction.  Lowery v. Alabama Power Co., 483 F.3d 1184, 1209-1210 (11th Cir. 2007);  Tapscott v. M.S. Dealer Serv. Corp., 77 F.3d 1353, 1356 (11th Cir. 1996), overruled on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069, 1076 (11th Cir. 2000); Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996).  In this case, there is no dispute that the parties are diverse, in that Defendant's Notice of Removal alleges it to be a South Carolina corporation, as to both principal place of business and incorporation, and that the damages at issue satisfy the jurisdictional minimum for the amount in controversy.  Defendant has therefore met its burden to establish federal jurisdiction.

Taking Plaintiff's first argument that there may be additional non-diverse parties, the Court must initially address the question of jurisdiction at the time of removal.  The Court cannot take into account the possibility of the addition of future non-diverse defendants.  As Defendant notes, 28 U.S.C. § 1447(e) provides that if after removal a plaintiff seeks to join additional non-diverse defendants, the Court may then decide

whether or not to permit such joinder, and if joinder is permitted, whether to remand the action at that time.  Plaintiff's argument for remand is therefore premature.

The Court next considers Plaintiff's argument that the assertion of a defense of employer immunity due to the claim arising under the workmen's compensation laws of Florida mandates remand.  Defendant argues that Plaintiff's claim is simply a negligence claim which does not arise under the workmen's compensation laws.   This Court agrees.  In <u>Reed v. Heil Co.</u>, 206 F.3d 1055 (11th Cir. 2000), the United States Court of Appeals for the Eleventh Circuit explained that only claims that "arise[s] under the workmen's compensation laws" cannot be removed to federal court.  Common law claims, such as the negligence claim in Plaintiff's complaint, do not arise under statutory workmen's compensation laws.  <u>Reed</u>, 206 F.3d at 1059-60.

The fact that a defense may invoke employer immunity does not trigger the ban on removal contained in § 1445(c).  As Defendant argues, if this Court were to conclude that the employer immunity provision is a valid defense to the negligent claim in this action, the result would be that Defendants would avoid the negligence action, not that Plaintiff's claim would suddenly change into a claim for workmen's compensation benefits.  Rather, the claim in this case is one for negligence and therefore the motion to remand on the basis of § 1445(c) is denied.

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand [DE 6] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 15th day of October, 2009.

*James I. Cohn*
JAMES I. COHN
United States District Judge

Copies furnished to:

counsel of record on CM/ECF