UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61173-CIV-COHN

ANGELIER HERNANDEZ,

Magistrate Judge Seltzer

    Plaintiff,

vs.

GREGORY LAND DEVELOPMENT II, LLC,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Partial Summary Judgment [DE 48], Defendant's Motion for Summary Judgment [DE 53], Plaintiff's Motion for Extension of Time to File Expert Witness Disclosures [DE 41], and Defendant's Motion to Strike Plaintiff's Rule 26(a) Amended Disclosures, Expert Witnesses, and Expert Reports, or In the Alternative, Motion for an Extension of Discovery Deadlines and Continuance of Trial [DE 62].  The Court has carefully considered the motions and related filings, has heard oral argument on the motions, and is otherwise fully advised in the premises.

    Plaintiff Angelier Hernandez ("Plaintiff") filed this action alleging negligence after suffering serious injuries when the metal ramp of a truck trailer fell on him on property owned by Defendant Gregory Land Development II, LLC ("Defendant").  The Court concludes that Defendant is entitled to summary judgment because Defendant did not control the premises, the injury was caused by equipment owned and operated by Plaintiff's employer and Defendant did not owe a duty to Plaintiff regarding operation of

the truck trailer.

## I.  BACKGROUND

While Plaintiff was employed by Gregory Electric, Inc., Plaintiff was injured on property owned by Defendant but leased to Gregory Electric.  Plaintiff was walking behind the ramp of a flatbed lowboy trailer owned by Gregory Electric when the ramp fell.  Plaintiff had driven the truck onto the property shortly before the accident.  The safety features of the ramp were disengaged.  Plaintiff knew about the lack of safety features, though Plaintiff contends an employee of Gregory Electric controlled the ramp at that moment.  Plaintiff suffered significant injuries when the ramp fell.  Plaintiff filed a single claim of negligence against Defendant in state court, which Defendant removed to this court.[1]

Defendant is in the business of land acquisition and development, though Plaintiff contends that Defendant's sole purpose is to purchase land and lease it to Gregory Electric.  Defendant does not have any employees itself and shares a business address, officers, owners, and registered agents with Gregory Electric, though Plaintiff concedes that Defendant and Gregory Electric are two separate corporate entities.

Defendant had a written Lease Agreement giving control of the premises to Gregory Electric.  Lease Agreement [DE 58-10].  The Lease does obligate the

---

[1] On January 26, 2010, this Court denied Plaintiff's motion to amend [DE 18] to add as defendants Gregory Electric and individual employees of Gregory Electric, as well as add claims for violations of the Workmen's Compensation Statute.  The denial of the motion to amend was based upon undue delay and because the attempt to add Workmen's Compensation claims would destroy subject matter jurisdiction [DE 26].

Defendant as landlord to repair or maintain all "Outside Areas," defined as "all areas and facilities on the Property (including the parking areas, driveways, pedestrian sidewalk, landscaped areas, trash enclosures, and the like)." Lease Agreement at §§ 6.2 and 1.12. The truck trailer is not an "Outside Area" and therefore solely the responsibility of the lessee, Gregory Electric.

Plaintiff moves for summary judgment on various affirmative defenses raised by Defendant, while Defendant moves for final summary judgment based upon the absence of a duty to Plaintiff. Diversity jurisdiction is present because Defendant is a citizen of South Carolina, Plaintiff is a citizen of Florida, and the amount in controversy exceeds $75,000.

## II.  DISCUSSION

### A.  Summary Judgment Standard

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production

shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  According to the plain language of Fed. R. Civ. P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).  If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." Anderson, 477 U.S. at 249-50.

### B.  Defendant's Duty

To state a claim for negligence under Florida law, a plaintiff must allege a duty of care owed by the defendant to the plaintiff, breach of that duty of care, causation and resulting damages.  Mosby v. Harrell, 909 So.2d 323, 327 (Fla. Dist. Ct. App. 2005). Defendant argues that it cannot be liable for premises liability as the property was leased to Gregory Electric leaving Defendant without the control and possession of the

property required to find a duty to Plaintiff.  Defendant relies upon Bovis v. 7-Eleven, Inc., 505 So.2d 661 (Fla. Dist. Ct. App. 1987), wherein an employee of the lessee sued the lessor alleging that the water on the floor resulted from lessor's negligence in maintaining the roof.  The court held that a lessor is only liable to third parties if it knew of a latent dangerous condition at the time of the lease or it is was required by the lease to maintain portions of the premises.  505 So.2d at 664.  Defendant asserts that the cause of the accident was the truck trailer ramp, which was not a latent condition (Plaintiff knew about the lack of safety pins on the trailer), was under control of the lessee (Plaintiff's employer) and was not even a condition of the real property leased by Defendant to lessee (trailer belonged to lessee and was movable).

     Plaintiff argues in opposition to the motion for summary judgment that there are genuine issues of disputed fact regarding Defendant's failure to use reasonable care to maintain the property as the owner.  Plaintiff asserts that the intertwined relationship between Defendant and Gregory Electric meant that Defendant had knowledge of the dangerous condition and failed to exercise its right of inspection under the Lease Agreement to fix the problem.  Plaintiff relies upon case law that instructs that whether a property owner used reasonable care to maintain a property and its knowledge of dangerous conditions are questions of fact for a jury.  Etheredge v. Walt Disney World Co., 999 So.2d 669, 672-73 (Fla. Dist. Ct. App. 2008); DiMarco v. Colee Court, Inc., 976 So.2d 650 (Fla. Dist. Ct. App. 2008).  However, neither case is relevant here as the issue of whether a lease in fact gave that control to the lessee was not mentioned or analyzed in the two cited cases.

Upon questioning by the Court at oral argument whether Plaintiff could still maintain a negligence action if his employer, Gregory Electric, owned the property itself, Plaintiff responded "Yes." Plaintiff cites to U.S. Holdings, Inc. v. Belance, 922 So.2d 240 (Fla. Dist. Ct. App. 2006), wherein the injured employee sued a company which was the parent company of his employer, as well as the employer's safety consultant and workers' compensation carrier. The court held that though the defendant wore several "hats," it could be sued as owner of the premises, even though it would have Workmen's Compensation Act immunity from a suit for negligence if wearing its other hats. 922 So.2d at 241. Plaintiff argues in this case that Defendant can similarly be liable upon a theory of premises liability despite Gregory Electric's status as Plaintiff's employer.

Plaintiff argues that Defendant controls Gregory Electric and therefore controls the property. Plaintiff asserts that Defendant has control of the property because it allowed another party to lease the property in violation of the Lease Agreement. Plaintiff implies that the Lease is somewhat of a sham between two entities that share officers and work addresses, and therefore the Court should ignore the Lease. Plaintiff also cites to evidence that Defendant produced in discovery Gregory Electric's records, including the trailer certifications, further evidencing Defendant's alleged control over Gregory Electric.

Upon questioning by the Court at oral argument, Plaintiff asserts it is not seeking to impute the negligence of Gregory Electric to Defendant, but is arguing that knowledge gained by Defendant's co-principal during her work for Gregory Electric can

6

be deemed knowledge and notice of Defendant of a dangerous condition on the property.  The Court construes this argument as an imputation of Lisa Phillips' knowledge gained during her work for Gregory Electric to Defendant.  However, because the Lease clearly defines the separate responsibilities of Defendant and its lessee Gregory Electric over the property, and because the injury was caused by a patent condition of a movable truck trailer owned and operated by Gregory Electric, the lessee in control of the property, Defendant does not owe a duty to Plaintiff for injuries.[2]

### III.  CONCLUSION

The Court need not decide the other pending motions as the conclusion reached above moots all other issues.  The additional proposed experts and discovery do not pertain to the duty issue.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Summary Judgment [DE 53] is hereby **GRANTED**;

2. Plaintiff's Motion for Partial Summary Judgment [DE 48] Plaintiff's Motion for Extension of Time to File Expert Witness Disclosures [DE 41], and Defendant's Motion to Strike Plaintiff's Rule 26(a) Amended Disclosures, Expert Witnesses, and Expert Reports, or In the Alternative, Motion for an Extension of Discovery

---

[2]  Defendant also argues that if Gregory Electric's negligence is imputed to Defendant, then Defendant should be entitled to imputed Workerman's Compensation Act immunity.  See Houssami v. Nofal, 578 So.2d 495, 496 (Fla. Dist. Ct. App. 1991) (similar facts with employee suing individual property owner who was connected to employer).  Plaintiff responds to this argument by asserting simply that because he did not work for Defendant, it cannot claim such immunity.  The Court need not reach this issue.

Deadlines and Continuance of Trial [DE 62] are hereby **DENIED as moot**;

3. The Court will separately enter a final summary judgment in favor of Defendant.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 5th day of May, 2010.

JAMES I. COHN
United States District Judge

Copies furnished to:

counsel of record on CM/ECF