UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61173-CIV-COHN

ANGELIER HERNANDEZ,

Magistrate Judge Seltzer

    Plaintiff,

vs.

GREGORY LAND DEVELOPMENT II, LLC,

    Defendant.
_____/

## ORDER GRANTING IN PART MOTION FOR BILL OF COSTS

**THIS CAUSE** is before the Court upon Defendant's Bill of Costs [DE 77], which the docket reflects is a motion to tax costs.  The Court has carefully considered the motion and attached exhibits and notes that Plaintiff has failed to file any timely opposition to the Bill of Costs.

    Plaintiff Angelier Hernandez ("Plaintiff") filed this action in state court alleging negligence.  The claim arose after an injury suffered by Plaintiff due to falling metal ramps of a trailer on property controlled by Defendant Gregory Land Development II, LLC ("Defendant").  Defendant timely removed this action to federal court on August 3, 2009, alleging diversity jurisdiction, including an amount in controversy of greater than $75,000.  After denial of Plaintiff's motion to remand and a period of time for discovery, Defendant moved for summary judgment.  After briefing of the motion and oral argument, the Court granted the motion and entered final judgment for Defendant.  No appeal was taken.  Defendant has moved for costs.

    Federal Rule of Civil Procedure 54(d) provides that "costs other than attorneys'

fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The Supreme Court has interpreted Rule 54(d) to grant federal courts discretion to refuse to tax costs in favor of the prevailing party. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987). However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920. Id. at 445.

Title 28 U.S.C. § 1920, taxation of costs, provides as follows:

A judge or clerk of any court of the United States may tax as costs the following:

   (1) Fees of the clerk and marshal;

   (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

   (3) Fees and disbursements for printing and witnesses;

   (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

   (5) Docket fees under section 1923 of this title;

   (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

In the present case, Defendant seeks costs totaling $14,715.37 for the following items: (1) fees of the Clerk ($350.00); (2) for service of subpoenas ($573.00); (3) fees for the court reporter and transcripts of certain depositions ($7,924.66); (4) fees for copying and exemplification ($1,271.68); (5) fees for compensation of interpreters and costs of special interpretation services under 28 U.S.C. § 1828 ($1,820.00); and

(6) other costs, listed as counsel's travel expenses for depositions and inspection of trailer ($2,776.03).  No opposition to the bill of costs, which the docket reflects as a motion for bill of costs, has been filed.

Despite the fact that no opposition has been filed, this Court does not have the authority to award costs outside of the statutory limitations.  Attorney travel, outside of the context of the civil rights statutes, is generally considered office overhead and not recoverable under § 1920.  Willams v. R.W. Cannon, Inc., 657 F. Supp. 2d 1302, 1317-18 (S.D. Fla. 2009) (collecting cases).  Therefore, the Court will not tax the $2,776.03 in "other costs," which consist of attorney travel costs (mileage, parking, meals, airfare, etc.)

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Bill of Costs [DE 77] is hereby **GRANTED in part**, as explained above;

2. The Court will separately enter judgment for costs in the amount of $11,939.34.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 19th day of July, 2010.

JAMES I. COHN
United States District Judge

Copies furnished to:

counsel of record on CM/ECF

3